## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARSHALL WHITLEY (#116400)**  CIVIL ACTION NO.

**VERSUS**  18-738-BAJ-EWD

**JAMES LeBLANC, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 2, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARSHALL WHITLEY (#116400)**          **CIVIL ACTION NO.**

**VERSUS**          **18-738-BAJ-EWD**

**JAMES LeBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Marshall Whitley ("Plaintiff"), an inmate incarcerated at the Raymond Laborde Correctional Center ("RLCC"), Cottonport, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against James LeBlanc and the Committee on Parole of the Louisiana Board of Pardons.[1] Plaintiff complains that the State's refusal to give him a parole eligibility date violates the *Ex Post Facto* clause of the United States Constitution.[2] Because Plaintiff cannot legally state a claim against the Committee on Parole of the Louisiana Board of Pardons ("the Board"), the claims against it should be dismissed with prejudice.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal, however, the §1915A screening process is intended to be conducted either before docketing or, as soon as practicable after docketing, to identify whether any of the claims asserted have merit, while § 1915(e) permits dismissal at any time if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 9.

monetary relief against a defendant who is immune from such relief.³  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"⁴  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."⁵  The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.⁶  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of dismissal under these statutes.⁷  Dismissal may be made at any time if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.⁸

Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."⁹  Only a "person" may be sued for violation of an inmate's constitutional

---

³ *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  Additionally, § 1915(e) provides a procedural mechanism for dismissal of those lawsuits that are frivolous, malicious, or fail to state a claim in only those proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.
⁴ *Id.* at 32-33.
⁵ *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
⁶ *Denton v. Hernandez,* 504 U.S. 25, 32 (1992).
⁷ *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
⁸ 28 U.S.C. § 1915(e)(2).
⁹ 42 U.S.C. § 1983 (emphasis added).

rights.[10] An executive agency and its sub-units are not persons subject to liability under § 1983.[11] The Board is a sub-unit of the Department of Public Safety and Corrections ("DOC").[12] DOC is an independent executive branch agency of the state government.[13] Accordingly, because the Board is not a person, it is not subject to liability under § 1983, and Plaintiff has failed to state a claim upon which relief may be granted against the Board.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's claims against the Committee on Parole of the Louisiana Board of Pardons be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[14]

**IT IS FURTHER RECOMMENDED** that this matter be referred back to the magistrate judge for further proceedings on Plaintiff's remaining claims: Plaintiff's claims against James LeBlanc.

Signed in Baton Rouge, Louisiana, on October 2, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *Id.*
[11] *See Hyatt v. Sewell*, 197 F.Appx. 370 (5th Cir. 2006) (state agencies are not persons for purposes of § 1983); *see also Chacon v. Rice*, 2009 WL 3853160 at *2 (M.D. Fl., Nov. 18, 2009) (executive branch agencies are not persons for purposes of § 1983).
[12] La. R.S. § 15:574.2.
[13] *State v. Broom*, 439 So.2d 357, 367 (La. 1983).
[14] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."