# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MARSHALL WHITLEY

VERSUS

JAMES LEBLANC, ET AL.

CIVIL ACTION

NO.: 18-00738-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 11)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Plaintiff Marshall Whitley's **Complaint (Doc. 1)** filed against James LeBlanc and the Committee on Parole of the Louisiana Board of Pardons ("the Committee") under 28 U.S.C. §1983, alleging that the State has refused to give him a parole eligibility date. The Magistrate Judge recommended that Plaintiff's claims against the Committee be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Magistrate Judge further recommends that this matter be remanded for further proceedings on Plaintiff's remaining claims. (Doc. 14 at p. 4).

The Report and Recommendation notified the parties that, pursuant to 42 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and

1

Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Defendant filed an objection.

The Magistrate Judge found that Plaintiff has failed to state a claim upon which relief can be granted against the Committee. (Doc. 14 at p. 4). Section 1983 creates a cause of action against persons only. 42 U.S.C. §1983. An executive agency and its sub-units are not persons subject to liability under §1983. See *Hyatt v. Sewell*, 197 Fed.Appx 370 (5th Cir. 2006). The Magistrate Judge also found that the Committee is a sub-unit of the Department of Public Safety and Corrections, which is an executive branch agency of the state government; therefore, the Committee is not subject to liability under §1983. (Doc. 14 at p. 4). For this reason, the Magistrate Judge recommends dismissal of the claims under 28 U.S.C. §§1915(e) and 1915A. (Id.).

In his objection, Plaintiff admits that subdivisions of governments are generally not persons for purposes of §1983 (Doc. 16 at p. 2). However, Plaintiff argues that he has a liberty interest in a parole eligibility date that has arisen from an expectation created by state laws or policies. Plaintiff claims that he has waited for twenty years for a date, and that that the Committee is responsible for scheduling parole hearings for defendants. Plaintiff further claims a violation of his Fourteenth Amendment rights from the refusal of the Committee to schedule a parole hearing. Finally, Plaintiff argues that his substantive due process rights were violated by an ex post facto application of Act 624 to remove parole eligibility from individuals convicted of armed robbery.

2

The Court agrees with the Magistrate Judge's findings. Under La. R.S. §15:574.2, the Committee is a subdivision of the Department of Public Safety and Corrections. The Department of Public Safety and Corrections is a state agency. State agencies are not persons that can be sued under Section 1983 because such agencies are protected by sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); Thus, the Committee, as a subdivision of a state agency, also is not a person capable of being sued under this section. *Thomas v. Leblanc*, No. CV 18-496-JWD-RLB, 2019 WL 10866358 at * 6 (M.D. La. 2019) (*citing Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908 (1984); *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998)). Thus, the Magistrate Judge correctly determined that Plaintiff failed to state a claim on which relief may be granted. Dismissal of Plaintiff's claims are appropriate under 28 U.S.C. §§ 1915(e) and 1915A, which authorize the Court to dismiss claims brought by a prisoner against a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 14) is ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the Plaintiff's claims against the Committee on Parole of the Louisiana Board of Pardons are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that this matter is referred to the Magistrate Judge for consideration of Plaintiff's remaining claims.

Baton Rouge, Louisiana, this 13th day of November, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA