## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARSHALL WHITLEY (#116400)**                         **CIVIL ACTION NO.**

**VERSUS**                                                                                              **18-738-BAJ-SDJ**

**JAMES LeBLANC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 1, 2020.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MARSHALL WHITLEY (#116400)**                    **CIVIL ACTION NO.**

**VERSUS**                                                          **18-738-BAJ-SDJ**

**JAMES LeBLANC**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss[1] filed on behalf of James LeBlanc. The Motion is opposed.[2] For the following reasons, the undersigned recommends the Motion[3] be granted.

**I.    Background**

The *pro se* Plaintiff, an inmate confined at the Raymond Laborde Correctional Center, instituted this action against James LeBlanc and the Committee on Parole of the Louisiana Board of Pardons, alleging Defendants violated his due process rights by virtue of *ex poste facto* application of a law, which deprived Plaintiff of parole eligibility.[4] Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court screened Plaintiff's Complaint and dismissed Plaintiff's claims against the Committee on Parole of the Louisiana Board of Pardons, leaving as the sole Defendant James LeBlanc ("Defendant").[5] Whitley is serving a sentence of 49 and a half years as a result of being convicted of an armed robbery, which occurred on April 15, 1997.[6] When sentenced,

---

[1] R. Doc. 18.
[2] R. Doc. 19.
[3] R. Doc. 18.
[4] R. Doc. 1-1.
[5] R. Doc. 17.
[6] R. Doc. 1-1, p. 2.

Whitley was not given a parole eligibility date but was instead given a full term date of April 17, 2053.[7]  Plaintiff seeks injunctive relief.[8]

## II. Law & Analysis

### A. Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[9] and *Ashcroft v. Iqbal*,[10] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[14] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[16] Further, "[a] document

---

[7] R. Doc. 1-1, p. 2.
[8] R. Doc. 1-1, p. 18. Specifically, Whitley asks this Court to order the Louisiana Department of Corrections ("DOC") to amend Whitley's master prison record to reflect a parole eligibility date in 2017 and to enjoin the DOC from denying parole eligibility to armed robbers who committed their crimes prior to 2008.
[9] 550 U.S. 544 (2007).
[10] 556 U.S. 662 (2009).
[11] *Bell Atlantic Corp*. 550 U.S. at 555.
[12] *Ashcroft*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544.
[13] *Id.*
[14] *Id.* at 679.
[15] *Id.* at 678 (internal quotation marks omitted).
[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[17] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[18] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[19] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[20] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[21]

### B. *Ex Post Facto*

A statute violates the *ex post facto* clause only if it retroactively "effects [a] change in the definition of [petitioner's] crime" or "increases the 'punishment' attached to [petitioner's] crime."[22] Since Plaintiff challenges changes in statutory provisions governing parole guidelines, the latter analysis applies in his case.[23] When considering whether a change in parole guidelines violates the *ex post facto* clause, the controlling inquiry is whether retroactive application of the change in the law creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes."[24] However, the "focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage," . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable."[25]

---

[17] *Id.* (citation omitted).
[18] Fed. R. Civ. P. 8(a)(2).
[19] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[20] *Papasan v. Allain*, 478 U.S. 265, 286 (1986),
[21] *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted).
[22] *Wallace v. Quarterman,* 516 F.3d 351, 354 (5th Cir. 2008) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 505 (1995)).
[23] *See Wallace,* 516 F.3d at 354, 356 (interpreting statute amending parole procedure).
[24] *Cal. Dep't. of Corr. v. Morales*, 514 U.S. 499, 509 (1995); *Garner v. Jones*, 529 U.S. 244, 255 (2000).
[25] *Morales*, 514 U.S. at 506 n. 3.

"Rules affecting eligibility for parole may violate the [*ex post facto*] clause, but discretionary rules affecting suitability do not."[26] Here, Whitley argues that he is being wrongfully denied a parole hearing based upon the *ex post facto* application of changes in La. R.S. § 15:574.4, more commonly known as the "geriatric parole" provision or "old-timers" law. At the time of Whitley's arrest on April 15, 1997, the pertinent parts of this statute read as follows:

> Notwithstanding the provisions of Paragraph (A)(1) or any other law to the contrary, unless eligible for parole at an earlier date, a person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five.
>
> ***
>
> No person shall be eligible for parole consideration who has been convicted of armed robbery and denied parole eligibility under the provisions of R.S. 14:64…Notwithstanding any other provisions of law to the contrary, a person convicted of a crime of violence and not otherwise ineligible for parole shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole.

The above apparent conflict between these two sections of § 15:574.4 has recently been analyzed by this Court.

After this Court performed its initial screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A,[27] a ruling and order was issued in *Thomas v. LeBlanc*,[28] which forecloses the plaintiff's arguments in this case. In *Thomas v. LeBlanc*,[29] the plaintiff was an individual arrested on February 9, 1997 for one count of armed robbery, for which he was sentenced to 50 years with

---

[26] *Wallace*, 516 F.3d at 355.
[27] A report and recommendation was issued on October 3, 2019 recommending dismissal of the Committee on Parole of the Louisiana Board of Pardons. (R. Doc. 14).
[28] Civil Action No. 18-496, 2019 WL 5653200 (M.D. La. Oct. 31, 2019).
[29] *Id.*

credit for time served.[30] The plaintiff's sentence was later amended to 30 years with credit for time served, and at the time the plaintiff filed his § 1983 action with this Court, he had served 21 years of his sentence and was 46 years old.[31] For most of the time the plaintiff was incarcerated, his master prison record reflected a parole eligibility date of 2017.[32] The plaintiff was brought before the Committee on Parole in 2016 and was informed that he was not eligible for parole until he served 85% of his sentence. The plaintiff presented nearly identical arguments[33] as found herein, and this Court found, in pertinent part, that, based on statutory construction, not only did the plaintiff have to serve at least twenty years of his sentence term in actual custody and reach the age of forty-five, but the plaintiff also had to serve at least 85% of his sentence before he would have a statutory right to parole consideration.[34] Plaintiff argues that changes in the law occurring in 2008 have caused him to become ineligible for parole consideration, but the law that was in effect when Whitley committed his crime foreclosed parole consideration. As the law foreclosing parole eligibility was in effect at the time Plaintiff committed and was convicted of his crime, there cannot be any *ex post facto* violation.

Whitley, like the plaintiff in *Thomas*, also argues that a liberty interest was created because he had an expectation of parole eligibility for most of the time he has been incarcerated, and, in supporting his argument, he cites the same case law as the plaintiff in *Thomas*. These arguments failed in *Thomas* because Louisiana parole law does *not* create a constitutionally protected liberty interest in parole release, and considering the nearly identical facts presented herein, Plaintiff's

---

[30] *Id.* at 1.
[31] *Id.*
[32] *Id.*
[33] Whitley argues that a change in the law in 2008 is being applied retroactively and is unconstitutionally depriving him of a parole eligibility date. (R. Doc. 1-1, p. 9). Whitley has focused much of his argument on the "20/45" portion of the above law and has wholly failed to analyze how the second paragraph above regarding serving 85% of a sentence affects the 20/45 law. Whitley also argues that a liberty interest was created in his parole. It appears that much of Whitley's complaint was, indeed, copied from the complaint in *Thomas*.
[34] *Id.* at 9-11.

claims must also fail here. Here, just as in *Thomas*, there is a right to parole consideration, but Whitley has not yet served the amount of time statutorily required to be considered for parole. As Whitley's arguments are entirely foreclosed by this Court's holding in *Thomas*, it is recommended that the motion to dismiss filed on behalf of James LeBlanc be granted and that this case be dismissed with prejudice.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Motion to Dismiss filed on behalf of James LeBlanc be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on July 1, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**